FILED'06 OCT 13 10:19USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH ROSS, an Iowa citizen; PAULA FAITH PRESTON MILLS, an Oregon citizen; BRYAN T. WARD, an Oregon citizen; and GALEN WARD, an Oregon citizen,<br><br>Defendants. | CV. 06-763-PK<br><br>FINDINGS AND RECOMMENDATION |

PAPAK, Magistrate Judge:

Plaintiff Primerica Life Insurance Company (Primerica) filed this statutory interpleader action to resolve conflicting claims for the proceeds of a $150,000 life insurance policy issued to Dennis C. Ward. Primerica has filed a Motion for Summary Judgment (No. 8) seeking the court's permission to pay the proceeds of the insurance policy at issue, $150,000 plus interest at

Page 1 - FINDINGS AND RECOMMENDATION

the statutory rate, minus attorneys' fees and costs into the registry of the court and an order discharging Primerica and its agents from any further obligation arising from the policy at issue and enjoining defendants Deborah Ross, Paula Faith Preston Mills, Bryan T. Ward, and Galen Ward from pursuing any claims regarding the policy proceeds against Primerica or its agents. Defendants Ross, Mills and B. Ward did not object to the motion for summary judgment but reserved the right to object to Primerica's request for attorneys' fees and costs. Defendant Galen Ward did not file a response to Primerica's motion.

For the reasons that follow, Primerica's Motion for Summary Judgment should be granted but the court should defer ruling on Primerica's request for attorney fees or costs until a formal motion and cost bill has been filed.

## FACTUAL BACKGROUND

In 1990, Primerica issued a life insurance policy with a $150,000 death benefit to Dennis Ward ("Ward policy"). Defendant Deborah Ross was married to Dennis Ward at the time the policy was issued, and was designated as the primary beneficiary. Defendants Galen Ward and Bryan Ward, the children of Dennis and Deborah, were designated as contingent beneficiaries.

In February 1998, Dennis and Deborah's marriage was dissolved. The Decree of Dissolution required Dennis to maintain a $150,000 life insurance policy for so long as he was obligated to pay spousal support to Deborah. In July 2005, Deborah signed a Full Satisfaction of Judgement stating in part that she acknowledged full satisfaction of Dennis's spousal support obligation. On August 1, 2005, a Supplemental Judgment Re: Termination of Spousal Support with Money Award was entered and provides that "commencing the month of July 2005, [Dennis Ward's] spousal support obligation $500 per month is terminated."

Page 2 - FINDINGS AND RECOMMENDATION

On November 22, 2005, Ward executed a Multi-Purpose Change form, changing the primary beneficiary on this Primerica life insurance policy to Paula Faith Preston Mills (90 percent) and Bryan (10 percent). No contingent beneficiaries were designated.

Dennis Ward died on November 29, 2005. In the months following his death, Deborah, Paula, and Bryan each submitted claims for policy proceeds to Primerica. Galen has not filed a claim.

## ANALYSIS

Interpleader allow a disinterested stakeholder[1] to join in a single action those parties who are asserting or might assert claims to a common fund held by the stakeholder. See 7 Charles A. Wright et al., Federal Practice and Procedure § 1702, at 493 (2d ed. 1986). An interpleader action involves two procedural stages: during the first stage the district court determines whether the stakeholder may interplead the adverse claimants and be relieved from liability; during the second, the respective rights of the adverse claimants are resolved. First Interstate Bank of Oregon, N.A. v. U.S. By and Through I.R.S., 891 F. Supp. 543, 546-48 (D. Or. 1995) (citations omitted). Primerica seeks to resolve this first procedural stage through its Motion for Summary Judgement. None of the defendants have objected to Primerica's motion.

This court has jurisdiction over this statutory interpleader action pursuant to 28 U.S.C. 1335 because the proceeds at stake exceed $500 and two or more of the adverse claimants are citizens of different states. In an action for "statutory interpleader," a disinterested insurance company facing multiple claims for one fund may pay the fund into the registry of the court and

---

[1] The term "stakeholder" is used in interpleader actions to describe a person or entity who holds a fund to which adverse claims are made, but who has no claim or interest in the fund.

Page 3 - FINDINGS AND RECOMMENDATION

be discharged from any further liability. 28 U.S.C. 2361. Furthermore, the court may enjoin all claimants from instituting or prosecuting any legal action for payment or recovery of the proceeds at stake. Id. The court should, therefore, issue an order requiring Primerica to pay into the registry of this court the proceeds from the Ward policy plus statutory interest. Upon deposit, the court should issue an order discharging Primerica and its agents from any further liability with respect to these proceeds and enjoining defendants from asserting rights to the proceeds of the Ward policy except within this interpleader action.

Primerica also seeks an award of attorney fees and costs. Courts have discretion to award attorney fees and costs to a disinterested stakeholder in an interpleader action. Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516, (9th Cir.1984). The amount of fees and costs to be awarded in an interpleader action is committed to the sound discretion of the district court, but is limited to those fees that are incurred in filing the action and pursuing the stakeholder's discharge from liability. Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194 (9th Cir.1962). Fees and costs are to be paid out of the funds deposited into the registry. Massachusetts Mut. Life Ins. Co. v. Morris, 61 F.2d 104, 105 (9th Cr. 1932).

Primerica is entitled to recover reasonable attorney fees and costs. Pursuant to Fed. R. Civ. P. 54, however, Primerica must present its request for fees and costs in a separate motion, with supporting affidavits and documentation, and cost bill.[2]

---

[2] Primerica filed two affidavits in support of its request for attorney fees and costs. The affidavits state the total amount of attorney fees and costs incurred but do not include any information that would allow the court to exercise its discretion and determine the reasonableness of those fees and costs.

Page 4 - FINDINGS AND RECOMMENDATION

CONCLUSION

Primerica's Motion for Summary Judgment (No. 8) should be GRANTED and the court should issue an order requiring Primerica to pay into the registry of this court the proceeds from the Dennis Ward life insurance policy (policy no. 0421485650) plus statutory interest. Upon deposit, the court should issue an order discharging Primerica and its agents from any further liability with respect to the proceeds and enjoining defendants from asserting rights to the proceeds except within this interpleader action. Primerica's request for attorney fees and costs reasonably incurred should be addressed upon the filing by Primerica of a separate motion for attorney fees and cost bill.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due October 26, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 12th day of October, 2006.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge