IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, a Massachusetts corporation, | CV. 06-763-PK |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| DEBORAH ROSS, an Iowa citizen; PAULA FAITH PRESTON MILLS, an Oregon citizen; BRYAN T. WARD, an Oregon citizen; and GALEN WARD, an Oregon citizen, | |
| Defendants. | |

PAPAK, Magistrate Judge:

      Plaintiff Primerica Life Insurance Company (Primerica) filed this statutory interpleader action to resolve conflicting claims for the proceeds of a $150,000 life insurance policy issued to Dennis C. Ward. Primerica filed a Motion for Summary Judgment (No. 8) seeking the court's permission to pay the proceeds of the insurance policy at issue, $150,000 plus interest at the statutory rate, minus attorneys' fees and costs into the registry of the court and an order

Page 1 - OPINION AND ORDER

discharging Primerica and its agents from any further obligation arising from the policy at issue and enjoining defendants Deborah Ross, Paula Faith Preston Mills, Bryan T. Ward, and Galen Ward from pursuing any claims regarding the policy proceeds against Primerica or its agents. Defendants Ross, Mills and B. Ward did not object to the motion for summary judgment but reserved the right to object to Primerica's request for attorneys' fees and costs. Defendant Galen Ward did not file a response to Primerica's motion.

On October 12, 2006, this court issued a Findings and Recommendation (No. 23) recommending that Primerica's Motion for Summary Judgment be granted but deferring ruling on Primerica's request for attorney fees or costs until a formal motion and cost bill has been filed. On November 1, 2006, Judge Mosman adopted the Findings and Recommendation as his own.

Primerica has now filed a Motion for Attorneys' Fees and Costs (No. 29), and that motion is properly before this court. None of the defendants have filed objections. For the reasons that follow, Primerica's motion is granted.

FACTUAL BACKGROUND

In 1990, Primerica issued a life insurance policy with a $150,000 death benefit to Dennis Ward ("Ward policy"). Defendant Deborah Ross was married to Dennis Ward at the time the policy was issued, and was designated as the primary beneficiary. Defendants Galen Ward and Bryan Ward, the children of Dennis and Deborah, were designated as contingent beneficiaries.

In February 1998, Dennis and Deborah's marriage was dissolved. The Decree of Dissolution required Dennis to maintain a $150,000 life insurance policy for so long as he was obligated to pay spousal support to Deborah. In July 2005, Deborah signed a Full Satisfaction of Judgement stating in part that she acknowledged full satisfaction of Dennis's spousal support

obligation. On August 1, 2005, a Supplemental Judgment Re: Termination of Spousal Support with Money Award was entered and provides that "commencing the month of July 2005, [Dennis Ward's] spousal support obligation $500 per month is terminated."

On November 22, 2005, Ward executed a Multi-Purpose Change form, changing the primary beneficiary on this Primerica life insurance policy to Paula Faith Preston Mills (90 percent) and Bryan (10 percent). No contingent beneficiaries were designated.

Dennis Ward died on November 29, 2005. In the months following his death, Deborah, Paula, and Bryan each submitted claims for policy proceeds to Primerica. Galen has not filed a claim.

## ANALYSIS

Primerica seeks an award of attorney fees and costs. Courts have discretion to award attorney fees and costs to a disinterested stakeholder in an interpleader action. Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516, (9th Cir.1984). The amount of fees and costs to be awarded in an interpleader action is committed to the sound discretion of the district court, but is limited to those fees that are incurred in filing the action and pursuing the stakeholder's discharge from liability. Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194 (9th Cir.1962). Fees and costs are to be paid out of the funds deposited into the registry. Massachusetts Mut. Life Ins. Co. v. Morris, 61 F.2d 104, 105 (9th Cr. 1932).

The court has reviewed the memorandum, affidavits and exhibits filed by Primerica, and finds that the fees and costs incurred were reasonable and were incurred in the filing of the interpleader action and in pursuing Primerica's discharge from liability.

## CONCLUSION

Primerica's Motion for Attorneys' Fees and Costs (No. 8) is GRANTED and Primerica may recover from the proceeds of the $150,000 Ward policy its attorneys' fees and costs in the amount of $6,366.78 before paying the remaining proceeds of the Ward policy into the court registry.

IT IS SO ORDERED.

Dated this 3rd day of January, 2007.

    /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge